```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARIO MARTINEZ pro se,                         :
                                               :
                    Petitioner,                :         **MEMORANDUM & ORDER**
                                               :
            -against-                          :         03-CV-2673 (DLI)(LB)
                                               :
WILLIAM PHILLIPS,                              :
                                               :
                    Respondent.                :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Mario Martinez ("Martinez") has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). The petition was referred to Magistrate Judge Lois Bloom who, on October 20, 2004, issued a Report and Recommendation ("R&R") recommending denial of the petition. Martinez objected to the R & R. After a *de novo* review of those portions of the R & R to which Martinez objects, *see* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1), this court adopts the R & R in its entirety.

The conviction underlying Martinez's petition is based upon petitioner's sale of narcotics to an undercover officer ("UC") through intermediaries. In his petition, he challenges the state trial court's decision to close the courtroom during the testimony of an undercover officer, the legal sufficiency of his conviction, the length of his sentence, and the admission of certain evidence at trial.

Presently, Martinez makes three specific objections to M.J. Bloom's R&R: (1) the closure of the courtroom during the trial testimony of the UC was improper because it was overly broad and there was no actual risk of harm to the UC (Pet.'s Objections ¶¶ 17-19, 21-23); (2) because the Appellate Division, Second Department, addressed the merits of Martinez's claim that the

conviction was not supported by sufficient evidence, desspite of Martinez's failure to preserve the issue for appellate review, the District Court should also address the merits of this claim (Pet.'s Objections ¶ 28); and (3) Martinez's sentence is excessive (Pet.'s Objections ¶¶ 37-39).

## Discussion

A court may adopt those portions of a report and recommendation to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b)*; see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). However, the district court applies a *de novo* standard of review to those parts of the report to which any party objects. *See* Fed. R. Civ. P. 72(b). The district judge to whom the case is assigned shall consider such objections and shall adopt, modify, or set aside the magistrate judge's report. Fed. R. Civ. P. 72(b)

**Improper Courtroom Closure**

After a hearing pursuant to *People v. Hinton*, 31 N.Y.2d 71 (1967), the trial court granted the prosecution's motion to close the courtroom. (Tr. at 83-86).[1] The trial court found that the petitioner and his brothers had contracted to kill the UC and that an investigation by the Central Intelligence Division of the New York City Police Department had established it as a credible threat. (Tr. at 62-64, 68, 73.) In *People v. Martinez*, the Appellate Division, Second Department found that "the Supreme Court's determination to close the courtroom was proper, in light of the concern for the safety of the testifying undercover officer." 289 A.D.2d 259.

Where a petitioner's habeas corpus claims have been adjudicated on the merits in state court proceedings, as the claim here was, a writ of habeas corpus will issue only where the state court's decision: (1) is "contrary to or involved an unreasonable application of, clearly established Federal

---

[1] "Tr. at __" refers to the hearing transcript.

law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d); *Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir. 2003), 28 U.S.C. § 2254(d); *see generally Early v. Packer*, 537 U.S. 3 (2003).

Petitioner argues that the trial court's decision to close the courtroom was overly broad and contrary to United States Supreme Court precedent as set forth in *Waller v. Georgia*, 467 U.S. 39, 104 S. Ct. 2210 (1984). (Pet.'s Objections ¶ 17.)

In *Waller*, defendants were charged with violating, *inter alia*, state gambling statutes. The trial court closed the courtroom to the public during a seven-day suppression hearing at which the prosecution presented evidence obtained through court-ordered wiretaps. The trial court premised the courtroom closure on the prosecution's arguments that the state wiretap statute prohibited the unnecessary "publication" of wiretap evidence. During the suppression hearing, only 2 ½ hours were devoted to playing tapes obtained pursuant to the wiretap warrants. Holding that the prosecution's arguments for closing the courtroom were not specific enough, the Supreme Court held that in order to close the courtroom to the public,

> the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Waller*, 467 U.S. at 48, 104 S. Ct. at 2216.

Additionally, the Supreme Court noted that the trial court failed to consider an alternative to closing the courtroom for the entire seven-day hearing: closing the courtroom for only those periods during which the prosecution adduced wiretap evidence or conducting an in camera inspection. *Waller*, 467 U.S. at 49, 104 S. Ct. at 2217.

3

In the instant case, the prosecution adduced evidence of a very specific threat, namely, a contract to kill the UC on behalf of Martinez and his brothers. (Tr. at 73.) The prosecution thereby established the higher value of preserving the UC's safety by courtroom closure over the presumption of openness. Additionally, the trial court closed the courtroom only to Martinez's family and only for the duration of the UC's hearing and trial testimony. Consequently the closure was sufficiently narrow in scope.

Given the specificity of the threat to the UC and the limited closure of the courtroom, the state courts' decisions cannot be said to conflict with clearly established federal law as established by the Supreme Court in *Waller*.

**Insufficiency of the Evidence**

Petitioner objects to M.J. Bloom's finding that his claim challenging the sufficiency of the evidence is procedurally barred. (Pet.'s Objection ¶ 24.)

While M.J. Bloom noted that the Second Department held that this claim was unpreserved for appellate review, both the Second Department and M.J. Bloom addressed the merits. (R&R at 6.) Because Martinez makes no objection to M.J. Bloom's findings regarding the merits of this claim, this objection is overruled.

**Excessive Sentence**

Martinez was convicted of two counts of Criminal Sale of a Controlled Substance in the first degree, N.Y. Penal Law §§ 220.43(1), a class A-1 felony, and a single count of Criminal Sale of a Controlled Substance in the third degree, N.Y. Penal Law § 220.39(1), a class B felony.

Martinez generally objects to his sentence as excessive and claims it should be reduced. (Pet.'s Objections ¶ 38.) "No federal constitutional issue is presented, where, as here, the sentence

is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam). Martinez, a second felony offender, was sentenced pursuant to N.Y. Penal Law § 70.06(3). While the sixty-two and a half years to life sentence the trial court imposed represents the maximum sentence available to the sentencing court, it does not exceed it. Since the imposed sentence is within the statutory range, there is no Eighth Amendment violation.

## Conclusion

Petitioner's objections are overruled and the R&R is adopted in its entirety. Accordingly, Martinez's petition for a writ of habeas corpus is denied.

DATED:   Brooklyn, New York
         March 3, 2006

 _____
 DORA L. IRIZARRY
 United States District Judge